PETER M. HART (State Bar No. 198691)
hartpeter@msn.com
KIMBERLY A. WESTMORELAND (State Bar No. 237919)
kwestmoreland.loph@gmail.com
AMBER S. HEALY (State Bar No. 232730)
ahealy.loph@gmail.com
**LAW OFFICES OF PETER M. HART**
12121 Wilshire Blvd., Suite 205
Los Angeles, California 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

KENNETH H. YOON (State Bar No. 198443)
kyoon@yoon-law.com
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Telephone:  (213) 612-0988
Facsimile:  (213) 947-1211

Attorneys for Plaintiff
John Urbino

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

| | |
|---|---|
| JOHN URBINO, for himself and on behalf of other current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>ORKIN SERVICES OF CALIFORNIA, INC., a Delaware corporation; ROLLINS, INC., a Delaware corporation; and DOES 1 THROUGH 100, inclusive;<br><br>Defendants. | CASE NO.:  LACV11-06456 CJC (PJWx)<br><br>**PLAINTIFF'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(B)**<br><br>**DATE:   NOVEMBER 28, 2011**<br>**TIME:    1:30 P.M.**<br>**COURTROOM:  9B** |

1

PLAINTIFF'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 USC 1292(B); CASE NO. CV-11-06456-CJC(PJWx)

TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, on November 28, 2011 at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court in Courtroom 9B located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff will seek to amend and certify the order denying Plaintiff's motion to remand for interlocutory review pursuant to 28 U.S.C. § 1292(b).  This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 13, 2011.  The Motion is brought on the grounds that: the issue in Plaintiff's Motion to Remand concerning the method for calculation of the amount in controversy in an action under California Private Attorneys General Act, California Labor § 2698, *et seq.*, presents a controlling question of law, a substantial ground for difference of opinion exists, and immediate appeal would materially advance the ultimate termination of this litigation.  The Motion is based on this Notice of Motion, Plaintiff's Memorandum of Points and Authorities in Support thereof , the pleadings and papers on file herein and such matters and argument as may be presented to the Court at the time of the hearing or upon which the Court may grant judicial Notice.

DATED: October 27, 2011                              LAW OFFICES OF PETER M. HART

By:  /s/ Peter M. Hart_____
Peter M. Hart
Attorneys for Plaintiff John Urbino

1

PLAINTIFF'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b); CASE NO. CV-11-06456-CJC(PJWx)

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................1

II.  BACKGROUND..........................................................................................1

III. LEGAL STANDARDS ................................................................................2

IV. LEGAL ARGUMENT .................................................................................4

    A.   The Order Presents a Controlling Question of Law..............................4

    B.   A Substantial Ground for Difference of Opinion Exists.......................5

    C.   An Immediate Appeal From the Order Would Materially Advance the Ultimate Termination of the Litigation............................9

V.   CONCLUSION ..........................................................................................10

i

PLAINTIFF'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b); CASE NO. CV-11-06456-CJC(PJWx)

# TABLE OF AUTHORITIES

**Federal Cases**

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882
 (9th Cir. 2001) ..................................................................................................3

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) ...............................................3

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. Cal. 2010) ................................5, 8

*In re Cement Antitrust Litigation,* 673 F. 2d 1020 (9th Cir. 1982) .............3, 4, 9, 10

*Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir. 1991) .........................................4

*Klinghoffer v S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille
 Lauro In Amministrazione Straordinaria*, 921 F.2d 21 (2nd Cir. 1990) ........4

*Kuehner v. Dickinson & Co.*, 84 F.3d 316 (9th Cir. 1996) .......................................5

*L.H. Meeker v. Belridge Water Storage Dist.*, 2007 U.S. Dist. LEXIS 22673,
 2007 WL 781889 (E.D. Cal. March 13, 2007)...............................................10

*Lee v. American National Insurance Co.*, 260 F.3d 997 (2001) ..............................3

*Pulera v. F&B, Inc.*, 2008 U.S. Dist. LEXIS 72659 (E.D. Cal. Aug. 18, 2008).......8

*Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681 (9th Cir. 2011) .....................9

*Thomas v. Aetna Health of California, Inc.,* No. 1:10-cv-01906, 2011
 WL 2173715 (E.D. Cal. June 2, 2011)............................................................8

*U.S. Rubber Co. v. Wright*, 359 F.2d 784 (9th Cir. 1966).........................................4

*U.S. v. Woodbury*, 263 F.2d 784 (9th Cir. 1959).......................................................5

*Zator v. Sprint/United Mgmt Co.*, Case No. 09cv2577-LAB(MDD),
 2011 U.S. Dist. LEXIS 33383 (S.D. Cal., March 29, 2011).......................7, 8

**State Cases**

*Arias v. Superior Court*, 46 Cal. 4th 969 (2009) ......................................................7

**Federal Statutes**

28 U.S.C. § 1292 (b) ............................................................................... 1, 2, 3, 8, 10

28 U.S.C. § 2201........................................................................................................2

**State Statutes Statutes**

Cal. Lab. Code § 2699 ...............................................................................................7

ii

PLAINTIFF'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW
PURSUANT TO 28 U.S.C. § 1292(b); CASE NO. CV-11-06456-CJC(PJWx)

**Other Materials**

3 Federal Procedure, Lawyers Ed. § 3:212 (2010) .......................................................5

iii

PLAINTIFF'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b); CASE NO. CV-11-06456-CJC(PJWx)

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff brings the instant motion requesting this Court to amend and certify its' October 5, 2011 Order Denying Plaintiff's Motion to Remand (Docket No. 33) (the "October 5, 2011 Order") for interlocutory review pursuant to 28 U.S.C. § 1292 (b).

Plaintiffs' motion to remand sought to have this matter remanded to State court on the basis that this Court lacked subject matter jurisdiction due to the amount in controversy not meeting the required minimum of $75,000 and no federal question was presented. As detailed herein, the October 5, 2011 Order meets the criteria for certification for interlocutory review pursuant to 28 U.S.C. § 1292(b) because it involves controlling questions of law and the issue concerning how the amount in controversy is calculated in an action brought pursuant to California's Private Attorneys General Act ("PAGA"), California Labor Code § 2698, *et seq.*, is subject to substantial difference of opinion among the District courts and are of material importance to the advancement of this litigation. Accordingly, the Court should certify the issues for interlocutory review. Plaintiff also requests that the Court amend its October 5, 2011 Order to state that the necessary conditions for interlocutory review under 28 U.S.C. § 1292(b) have been met. Plaintiff specifically requests that the Court certify the following issue for interlocutory review:

> Whether, in an action brought pursuant to California's Private Attorneys General Act, California Labor Code § 2698, *et seq.*, by an individual plaintiff on behalf of himself and other aggrieved employees, the damages of plaintiff and other aggrieved employees can be aggregated for purposes of satisfying the minimum amount in controversy required for diversity jurisdiction in federal court.

## II. BACKGROUND

Plaintiff John Urbino was employed by Defendant Orkin Services of California, Inc. (Orkin) for approximately five years with his employment ending on July 8, 2010. Plaintiff brought this action in the California Superior Court, County of Los Angeles,

1

PLAINTIFF'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b); CASE NO. CV-11-06456-CJC(PJWx)

on June 21, 2011 (the "Complaint"). (Complaint filed June 21, 2011 herein referred to as "Complaint"). Plaintiff brought a single cause of action under PAGA alleging several violations of California Labor Code, specifically § 201-204, 226, 226.3, 226.4, 226.7, 512, 558, 1174.5, 1193.5, 1193.6, 1194, 1194.2, 1194.5, 1195 and 1197.1, which related to the payment of Plaintiff's wages while employed by Defendant.

Defendants removed the instant action to this Court based on diversity jurisdiction on August 5, 2011. (Docket No. 1; Defendant's Notice of Removal ¶¶ 5–25.) On August 15, 2011, Defendants moved to compel arbitration. (Docket No. 12). At the same time, Defendants filed a counterclaim seeking declaratory relief under 28 U.S.C. § 2201 that Plaintiff's claims are subject to the parties' Arbitration Agreement and Dispute Resolution Policy ("DRP"); that all of Plaintiff's claims against Defendants be resolved in the arbitral forum; and that Plaintiff be prohibited from bringing any claims under PAGA per the Arbitration Agreement. (Defendants' Counter Claim ¶ 13; Docket No. 14). Plaintiff then moved to remand the action based on lack of subject matter jurisdiction. (Docket No. 21). The Court continued Defendants' motion to compel arbitration to coincide with Plaintiff's motion to remand and scheduled for hearing October 3, 2011. (Court Order, Docket No. 28, Sept. 15, 2011). On September 29, 2011, the Court issued a minute order indicating that both matters would be taken under submission and considered without oral argument pursuant to Local Rule 7-15. (Docket No. 31). On October 5, 2011, the Court issued an Order denying Defendants' Motion to Compel Arbitration and denying Plaintiff's Motion to Remand Case to State Court. (Docket No. 33).

### III. LEGAL STANDARDS

A district court shall certify to the court of appeals for interlocutory review under 28 U.S.C § 1292(b) when the district judge believes that the order involves a "controlling question of law as to which there is substantial ground for difference of a opinion and than an immediate appeal from the order may materially advance the

ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) provides an exception to the general rule that an appellate court should not review a district court ruling until after entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 471 (1978); *In re Cement Antitrust Litigation*, 673 F. 2d 1020, 1025-1026 (9th Cir. 1982). Section 1292(b) allows a district court to certify for appeal certain orders that would be otherwise non-appealable. *In re Cement Antitrust Litigation*, 673 F. 2d at 1025-1026. Section 1292(b) provides, in pertinent part, that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order . . . Provided, however, That application for an appeal hereunder shall not stay the proceedings in the district court unless the district judge of the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). "A party must obtain certification from both the district court and the court of appeals to bring an interlocutory appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Accordingly, this Court has the authority to decide this motion to amend and certify the order for interlocutory appeal, because certification by the district court is the first step in section 1292(b) procedure. The district should certify an issue for interlocutory review when: (1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d at 1026. Certification by the district court gives the court of appeals the discretion to exercise its own jurisdiction, and appellate courts have long considered interlocutory appeals of remand orders certified under Section 1292(b). *See, e.g., Lee v. American National Insurance Co.*, 260 F.3d 997 (2001) (*superseded by statute on other grounds*).

## IV. LEGAL ARGUMENT

As detailed below, the issue in Plaintiff's Motion to Remand of the method for calculation of the amount in controversy in a PAGA action presents a controlling question of law, a substantial ground for difference of opinion exists, and immediate appeal would materially advance the ultimate termination of this litigation. Thus, Plaintiff has met his required burden under 28 U.S.C. § 1292(b) and this Court should amend and certify the Order denying Plaintiff's Motion to Remand for interlocutory review.

### A. The Order Presents a Controlling Question of Law

A question constitutes a "controlling issue of law" if resolution of the question could determine the outcome or future course of litigation. *In re Cement Antitrust Litigation*, 673 F.2d at 1026; *Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir. 1991) (a question is controlling if "interlocutory reversal might save time for the district court and time and expense for the litigants."). Indeed, "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d at 1026 (*citing U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' [citations omitted], it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 24 (2nd Cir. 1990).

The October 5, 2011 Order presents a controlling question of law because resolution of the main issue and the issue which Plaintiff seeks to have this Court certify namely, whether individual claims in a PAGA action are subject to aggregation for purposes of calculating the required minimum amount in controversy for diversity jurisdiction, would determine whether the case should be decided in federal court or state court. Here, reversal of the Court's October 5, 2011 Order would terminate the

4

PLAINTIFF'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b); CASE NO. CV-11-06456-CJC(PJWx)

instant action in federal court as the case would be remanded to state court.

Moreover, the Ninth Circuit has specifically held that "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, and whether state or federal law shall be applied" are controlling questions of law. *U.S. v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Defendants removed this action, which involves a single cause of action based upon California statutory law, from state court to federal court thus, the question of whether this Court has jurisdiction is a controlling question of law. In addition, an order "may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). Here, the determination of the proper method for calculating the amount in controversy in a diversity PAGA action is critical to the in determination of whether this Court has subject matter jurisdiction over this action. Without certification for interlocutory appeal, both the parties and this Court run the risk of expended needless expense and delay in litigating the matter in federal court if it were determined upon later appeal that this Court did not have proper jurisdiction.

### B. A Substantial Ground for Difference of Opinion Exists And The Districts Courts Are Split

Courts will traditionally find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. Cal. 2010) (quoting 3 Federal Procedure, Lawyers Ed. § 3:212 (2010)).

Plaintiff's Motion to Remand and the issue presented here for certification presents a substantial ground for difference of opinion. Plaintiff's Motion was based on Plaintiff's contention that this Court lacked subject matter jurisdiction because the amount in controversy did not meet the required $75,000 threshold required under 28

U.S.C. § 1332.  This Court disagreed with both Plaintiff's and Defendant's analysis of the amount in controversy calculation and stated that "the issue of how the amount in controversy is calculated in a PAGA action has not been addressed by the Ninth Circuit, while recent district court decisions are divided."  (October 5, 2011 Order 8:12-13.)

In support of Defendants' position that the amount in controversy was satisfied, Defendants asserted that 811 individuals were employed by Orkin as nonexempt employees in California, and that from June 21, 2010 (the date Plaintiff filed this action) through the present, Orkin issued at least 17,182 paychecks for the time worked by the 811 nonexempt employees in California.  (Docket No. 5, Decl. of Tamera Roberson in Support Defendants' Removal ¶¶ 9–11; Docket No. 1, Defendants' Notice of Removal ¶ 6.)  Using these figures, along with the penalty amount recoverable under the statutes related to the violation of Labor Code §§ 2699(f), 558(a)(1), 226.3, and 1197.1(a)(1), Defendants calculated initial violations of $405,500.00, and the total amount in controversy for subsequent violations of Labor Code §§ 2699(f), 558(a)(2), and 1197.1(a)(2), to be $9,004,050.00 (Notice of Removal ¶ 6).  Plaintiff does not dispute Defendants' calculations.

Plaintiff contends that under anti-aggregation principles, claims under PAGA are not common and undivided and thus claims of current and former employees in a PAGA action are not subject to aggregation.  As this Court acknowledges, Defendants did not challenge the application of the anti-aggregation rule or argue that the "common and undivided" exception to the anti-aggregation applied to this action.  Instead, Defendants asserted that the amount in controversy is not based on aggregating individual claims at all, but on what the State – as a putative plaintiff in a PAGA action – is entitled to under PAGA.  (Notice of Removal ¶¶ 10–11; Defs.' Opp. to Remand, at 4–5).  As Plaintiff detailed in his Motion to Remand, it is his position that pursuant to the PAGA, each individual employee gets paid his own amount of damages/penalties.  Cal. Lab. Code § 2699(f)(2).  Out of his own damages he then forwards 75% to the

6

State of California and that employee keeps 25% of the penalties.  Cal. Lab. Code § 2699(i).  Defendants claimed that because the state's recovery (via the LWDA) of 75 percent of $9,004,050.00 is well over the jurisdictional amount and because a PAGA claim need not satisfy class action requirements under *Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009), this Court has subject matter jurisdiction over this action. (Notice of Removal ¶¶ 8, 10–11.)

In contrast, Plaintiff argued that under PAGA, an individual has a separate and distinct claim, and as such, the aggrieved employees' claims cannot be aggregated to meet the jurisdictional amount under the well-established anti-aggregation rule.  (Pls.' Mem. in Supp. Remand, at 5–6.)  Plaintiff also argued that using Defendants' figures, that in this case no single individual employee's damages exceed $75,000, as the damages entitled to each employee is approximately $11,602.40 ($9,409,550.00 / 811). (*Id.* at 6.)  Plaintiff's argued that Defendants impermissibly aggregated the claims of all the aggrieved employees to meet the jurisdictional threshold.  (*Id.*)  Finally, Plaintiff asserted that this claim under PAGA was not subject to the "common and undivided" exception to aggregation of claims because a PAGA action consists of separate and distinct individual claims. (*Id.*)

This Court, in disagreeing with both Plaintiff and Defendants in the method for calculation of the amount in controversy explicitly acknowledge that "the Ninth Circuit has not yet ruled on the issue of whether individual claims in a PAGA action are 'separate and distinct,' 'common and undivided,' or otherwise.  District courts within the Ninth Circuit are split on the issue." (October 5, 2011 Order, 10:17-19.)  This Court noted that two recent district court decisions have precluded aggregation to meet the amount in controversy threshold in PAGA actions due to the claims being separate and distinct.  (October 5, 2011 Order 10:21-11:5)  In the first case, *Zator v. Sprint/United Mgmt. Co.*, this Court cited to relevant language that "The claim by one plaintiff must satisfy the $75,000 amount in controversy requirement; the claims of other aggrieved

employees cannot be aggregated to reach that threshold." (October 5, 2011 Order 10:21-11:5, *Zator v. Sprint/United Mgmt. Co.*, No. 09cv2577, 2011 U.S. Dist. LEXIS 33383, at *3 (S.D. Cal. Mar. 29)). The second case, *Pulera v. TW Construction Co., Inc.*, similarly held that "The amounts recoverable by Plaintiff based on his PAGA claims are separate and distinct from the amounts recoverable by the State of California via the LWDA, and therefore these amounts may not be aggregated." (October 5, 2011 Order 10:21-11:5, *citing Pulera v. TW Construction Co., Inc.*, No. 2:08-cv-00275, 2008 WL 3863489, at *4 (E.D. Cal. Aug. 19, 2008)). This Court also noted an opposing position of a district court which found a PAGA claim to be "common and undivided because the right to pursue the action derives solely from the LWDA's interest in enforcement of the Labor Code," while "[a]ggrieved employees have no right to seek any individual recovery under PAGA and are precluded from bringing repeated PAGA suits." (October 5, 2011 Order 11:10-15, *citing to Thomas v. Aetna Health of California, Inc.,* No. 1:10-cv-01906, 2011 WL 2173715, at *19 (E.D. Cal. June 2, 2011)). This Court agreed with the reasoning of the *Thomas* court and held that the "common and undivided" exception to the anti-aggregation rule applies to a PAGA action. (October 5, 2011 Order, 14:6-7).

However, because the district courts within the Ninth Circuit are split on the issue of how the amount in controversy should be calculated in a PAGA action and the Ninth Circuit has not spoken on the issue, it is clear that a substantial ground for difference of opinion is exists here and therefore, that prong of the 28 U.S.C. § 1292(b) analysis is satisfied.

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). As detailed above, the district courts within the Ninth Circuit are split on the issue of calculation of the amount in controversy in a PAGA action and the Ninth Circuit has yet to address this issue. As

this Court acknowledged in stating, "The issue of how the amount in controversy is calculated in a PAGA action has not been addressed by the Ninth Circuit, while recent district court decisions are divided," the law on this issue is very unclear. (October 5, 2011 Order, 8:12-13). Where the controlling law is unclear and "involves an issue over which reasonable judges might differ," and where uncertainty over the certified matters "provides a credible basis for a difference of opinion" the matter should be certified for interlocutory review. *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 688 (9th Cir. 2011) (*citations omitted*). Reasonable judges in the district courts within the Ninth Circuit are split on this issue which further evidences that the controlling law is unclear. In fact, this Court considered the different arguments of Plaintiff and Defendants on this issue, but ruled on a third method of calculating the amount in controversy. Clearly, the controlling law in this matter is unclear and there is a credible basis for multiple different opinions and therefore, this issue is appropriate for certification for interlocutory appeal.

### C. An Immediate Appeal From the Order Would Materially Advance the Ultimate Termination of the Litigation

A party seeking interlocutory certification must show that an immediate appeal may "materially advance," rather than impede or delay the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d at 1026. To determine whether an issue on appeal would "materially advance the litigation," courts need not find "that the interlocutory appeal would have a final, dispositive effect on the litigation." *Reese*, 2011 WL 2557238, at *5.

It is apparent that in this case, an immediate appeal and resolution of the issue presented concerning how the amount in controversy should be calculated in a diversity PAGA action would materially advance the ultimate termination of the litigation since this issue is crucial in determining whether or not this Court has subject matter jurisdiction. Requiring the parties and to expend significant time and resources on

litigation in this Court, prior to a determination by the Ninth Circuit as to the method for calculation of the amount in controversy in a PAGA action, would result inefficient litigation of this matter if upon later appeal it were determined that federal diversity jurisdiction was lacking. In addition, because the district courts within the Ninth Circuit are split on the method for calculating the amount in controversy in a PAGA action, certification will effectuate judicial economy as well as uniformity in the application of the law.

The final prong of the 28 U.S.C. § 1292(b) analysis asks whether an immediate appeal would advance the ultimate termination of the litigation or whether requiring the litigant to wait until the end of this action could result in substantial waste of resources. Here, if the parties were forced to fully litigate this matter in this forum and then determine on appeal at the conclusion of the litigation that the Court lacked jurisdiction, the case would have to be re-litigated in a proper forum. Such an outcome would result in a waste of judicial resources. "The third requirement for an interlocutory appeal, that the appeal must be likely to materially speed the termination of the litigation, is closely linked to the question of whether an issue of law is 'controlling,' because the district court should consider the effect of a reversal on the management of the case." *L.H. Meeker v. Belridge Water Storage Dist.*, 2007 U.S. Dist. LEXIS 22673, 2007 WL 781889, at *6 (E.D. Cal. March 13, 2007) (*citing In re Cement*, 673 F.2d at 1026). Thus, taking into account the effect of later reversal on the management of the case, it would be much more efficient for this Court to certify interlocutory appeal, and in so doing so, allow the Ninth Circuit to evaluate whether this Court or State court is the proper forum for this matter to be litigated.

## V. CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court certify its October 5, 2011 Order denying Plaintiff's Motion to Remand for interlocutory review pursuant to 28 U.S.C. § 1292(b) on the question of whether, in PAGA action, damages can be aggregated for purposes of satisfying the amount in controversy required for

diversity jurisdiction, and to amend its October 5, 2011 Order to state that the necessary conditions for interlocutory review under 28 U.S.C. § 1292(b) have been met.

DATED: October 27, 2011                    LAW OFFICES OF PETER M. HART

                                                    By:  /s/ Peter M. Hart
                                                        Peter M. Hart
                                         Attorneys for Plaintiff John Urbino

11

PLAINTIFF'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b); CASE NO. CV-11-06456-CJC(PJWx)